# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ALI GARBA,<br><br>        Petitioner,<br>v.<br><br>WAUKESHA COUNTY CIRCUIT COURT,<br><br>        Respondent. | Case No. 17-CV-244-JPS<br><br><br><br>**ORDER** |

  On February 23, 2017, the petitioner Ali Garba ("Garba") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. (Docket #1 at 1-12). After proceeding to trial in Waukesha County Circuit Court, Garba was convicted of operating a motor vehicle while intoxicated. On April 1, 2015, he sentenced to six months imprisonment. *Id.* at 2. The trial judge stayed execution of Garba's sentence pending completion of his appeal. *Id.* at 1.

  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

  The court begins its Rule 4 review by examining the timeliness of Garba's petition. A state prisoner in custody pursuant to a state court

judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (2012) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002)).

Here, it appears Garba's petition is timely. From the face of the petition, it appears that Garba's direct appeal concluded on February 13, 2017. (Docket #1 at 3).[1] He did not file a petition for certiorari to the United States Supreme Court. *Id.* at 4. Because the petition in this case was filed on February 23, 2017, just ten days after the end of Garba's state-level appeals process, it satisfies the time constraints of Section 2244(d).

The court continues its Rule 4 review by examining Garba's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits.").

---

[1] Garba's petition says "February 13, 2016," but this appears to be a typographical error; the documents attached to the petition confirm as much. (Docket #1 at 57).

If a federal habeas petition has even a single unexhausted claim, the district court may be required to dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay to allow the petitioner to return to state court to exhaust his claims when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See also Purvis v. United States*, 662 F.3d 939, 944 (7th Cir. 2011) (applying *Rhines* to a mixed petition brought under 28 U.S.C. § 2255). The Court should also allow the petitioner to amend his petition to remove any unexhausted claims before dismissing the petition. *Rhines*, 544 U.S. at 278. A petitioner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Garba is challenging the constitutionality of the trial court's actions related to his blood test underlying the subject conviction. *See* (Docket #1 at 6–9). According to the face of the petition, it appears that Garba presented both of these claims to each level of Wisconsin state court review. *See id.* at 3. Accordingly, the Court cannot conclude that it "plainly" appears from the record that Garba did not exhaust his claims. Therefore, it will not dismiss the petition on this basis.

The court next reviews Garba's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002) (citing *Boerckel v. O'Sullivan*, 135 F.3d 1194, 1196–97 (7th Cir. 1998), *rev'd on other grounds by O'Sullivan v. Boerckel*, 526 U.S. 838, 849 (1999)). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. See *O'Sullivan*, 526 U.S. at 848; *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, it appears that Garba has not procedurally defaulted on his claims.

The Court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Garba's federal habeas petition. *See Ray*, 700 F.3d at 996 n.1 (citing *Small*, 998 F.2d at 414, for the proposition that district courts may dismiss petitioners that fail to state a claim or are factually frivolous). Garba's claims are not patently frivolous and may state claims upon which relief could be granted; if proven, Garba's claims will show that his conviction was unconstitutional and that he is therefore entitled to habeas relief. Thus, the claim is not so plainly without merit as to warrant dismissal at this stage.

Because it does not plainly appear that Garba's claims are frivolous or speculative, the Court will direct the respondent to file an answer to Garba's claims in the petition.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1.  Within 30 days of entry of this order, the respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue; and

2.  If the respondent files an answer, then the parties should abide by the following briefing schedule:

    a.  The petitioner shall have 60 days after the filing of the respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. The petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b.  The respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within 60 days of service of petitioner's brief, or within 120 days from the date of this order if no brief is filed by petitioner.

    c.  The petitioner may then file a reply brief, if he wishes to do so, within 30 days after the respondent has filed a response brief.

3.  If the respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

    a.  The petitioner shall have 30 days following the filing of respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

    b.  The respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of the respondent, the reason for not accepting service for the respondent, and the last known address of the respondent. The Department of Justice will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge