# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ALI GARBA,

          Petitioner,

v.

WAUKESHA COUNTY CIRCUIT COURT,

          Respondent.

Case No. 17-CV-244-JPS

**ORDER**

---

On March 1, 2017, the Court denied Petitioner's first motion to stay the criminal proceedings against him in Wisconsin state court. (Docket #6 at 2). As noted in that order, Petitioner's sentence on the underlying criminal charge was stayed pending his appeals through the state court system. *Id.* at 1. Those appeals ended on February 13, 2017, and Petitioner filed the instant action on February 27, 2017. *Id.* That same day, the Circuit Court for Waukesha County lifted the stay on Petitioner's sentence and ordered him to surrender to the county sheriff, effective March 17, 2017. *Id.*

The Court denied the first motion to stay because it failed to even colorably make the showings required for entitlement to a stay injunction. *Id.* at 1-2. Six days later, Petitioner submitted an "amended" motion. (Docket #7). The amended motion copies much of the first motion, but includes far more detail on matters relevant to the injunction request. *Id.* at 2-5. Respondent opposed the motion on March 10, 2017. (Docket #11). The Court has waited for Petitioner's reply in support of his motion, but as the March

17 surrender date is at hand, it must issue this order without the benefit of that brief.[1]

As before, Petitioner brings his motion pursuant to 28 U.S.C. § 2251, which permits federal courts to order that a state court proceeding be stayed pending resolution of a habeas proceeding. 28 U.S.C. § 2251(a)(1). As with any other injunction, to claim entitlement to a stay, Petitioner must show "(1) he has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the injunction would not be adverse to the public interest." *Powell v. Thomas*, 641 F.3d 1255, 1257 (11th Cir. 2011). The Court will address these factors in turn.

Petitioner begins by claiming irreparable harm if the stay is not granted. He states that his family needs his help to care for his disabled daughter, and that if he succeeds in his instant habeas petition, there will be no way to redress the confinement to which he had been subjected. (Docket #7 at 2-3). Respondent counters that his daughter will be adversely affected no matter when his sentence is served. (Docket #11 at 3). Further, every habeas case involves potentially improper incarceration, and a stay is not issued in all such cases. *Id.* at 3-4. The Court agrees with Respondent. The Court is sympathetic to his family's plight, but many habeas petitioners bring similar concerns to their cases, as well as a desire to avoid allegedly unlawful incarceration. These reasons are not the sort of irreparable harm a Section 2251 stay is meant to avoid. *See Pender v. Vanhollen*, No. 08-CV-518, 2008 WL 2783458, at *2 (E.D. Wis. July 14, 2008).

---

[1]This is in Petitioner's interest, of course. Because his motion was filed only ten days before the March 17 surrender date, and it was not submitted under the expedited motion procedures of Civil Local Rule 7(h), the normal briefing schedule would go far beyond the surrender date, rendering the motion moot. *See* Civil L. R. 7(b) and (c).

Petitioner next contends that he is likely to succeed on the merits. He believes that the blood test evidence used to support his conviction was undermined by the testimony of his experts. (Docket #7 at 3). He was not permitted to explain that belief to the jury. *Id.* at 3-4. Respondent argues that the standard of review in this case, which is extremely favorable to the state court's decision, undermines his claim to a "likelihood" of success. (Docket #11 at 2). Respondent also disagrees with the substance of the petition, namely whether Petitioner's experts presented reliable, nonprejudicial information which the jury should have heard. *Id.* at 3. Without prejudging the entire petition, the Court finds that this element is at least neutral, given the very high bar set by the standard of review, and in light of the reasoned decisions of the Wisconsin trial and appellate courts attached to the petition. *See* (Docket #1 at 13-36, 41-55).

Petitioner claims that the State of Wisconsin will not be prejudiced by any stay, as it would maintain the *status quo*, and he has been compliant with his bond conditions. (Docket #7 at 4). Respondent avers that Wisconsin has an interest in enforcing its criminal judgments, including the drunk driving behavior at issue here. (Docket #11 at 4). Respondent believes that the *status quo* is Petitioner *going to* jail, not staying out of it, because of the surrender order. *Id.* at 4-5. The Court again agrees with Respondent. Petitioner was generously granted a stay of his sentence by the Wisconsin courts and has thus lived free since April 1, 2015. (Docket #7 at 1-2). Wisconsin has decided that it is now time for Petitioner to pay his debt to society, and this Court sees no reason to interfere with its choice.

Finally, Petitioner asserts that his desired stay causes no harm to the public's interest in this matter. He states that he is an upstanding member of the community and presents little danger to the public. (Docket #7 at 5). While Respondent agrees that Petitioner presents himself as a good citizen,

Page 3 of 4

Case 2:17-cv-00244-JPS    Filed 03/15/17    Page 3 of 4    Document 12

this is notwithstanding his three drunk driving convictions, for which the State of Wisconsin has ordered him to serve jail time. (Docket #11 at 4-5). The Court also agrees that aside from the relevant convictions, Petitioner has been a pro-social member of the community. Nevertheless, as noted above, the public has spoken through its elected representatives, and they hold that drunk driving must be appropriately punished. *Michigan Dept. of State Police v. Sitz*, 496 U.S. 444, 451 (1990); *Schindler v. Clerk of Circuit Court*, 715 F.2d 341, 345-46 (7th Cir. 1983) ("An examination of the Wisconsin statutory scheme reveals that the state legislature was concerned about the problem of drunk driving but was reluctant to stigmatize the first offense with criminal sanctions. . . . The legislature treated subsequent offenses as criminal violations because of the menace of repeated drunk driving on the public highways and public policy justifying some imprisonment for an offense committed after a civil adjudication."). The public's interest is in Petitioner serving his jail time, thus providing both specific and general deterrence to future crimes of this nature.

Petitioner was required to show that each of the elements of a preliminary injunction weighed in his favor to obtain his desired stay. He has failed to do so. Thus, the Court again declines to exercise its discretion in favor of granting the requested stay. Petitioner's motion will be denied.

Accordingly,

**IT IS ORDERED** that the petitioner's amended motion to stay (Docket #7) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge